La O Flores Salazar, Plaintiff and Appellee, *v.* Angel Arroyo Rivera et al., Defendants and Appellees; and Juan Rivera Gutiérrez et al., Defendants and Appellants.

No. 5195. Decided March 30, 1932.

*Luis Llorens Torres* for appellants. *R. Rivera Zayas* for plaintiff-appellee. *E. Rincón Plumey* for defendants-appellees.

Mr. Justice Wolf delivered the opinion of the Court.

Until a deed is actually recorded its mere presentation in the registry necessarily has the same effect as a record. Section 28 of the Mortgage Law provides:

"The date of the entry made upon presentation of an instrument, which must appear in the record itself, shall be considered the date of such record for all intents and purposes thereof."

The words "for all intents and purposes thereof" (*para todos los efectos que ésta debe producir*) suggest that there might be exceptional cases, but this would only apply to deeds that by themselves did not have the right to be recorded. In other words, the suggested exception would be for cases where the registrar from the deed itself or his knowledge from the registry would refuse to record. When in *Pérez et al.* v. *Colom et al.*, 40 P.R.R. 380, we said that a purchaser was not bound to examine all the books of the registry, in that case a presentation had been converted or merged into a record. The presentation, then, was *functus officio*. The entry of presentation is constructive notice to all the world until the document is actually recorded. Once presented, if entitled to record, a deed has all the effects of such a record. The effects of section 1376 of the Civil Code ought not to depend upon the rapidity with which the registrar happens to record a deed. The intention of the Legislature in section 1376 plainly was that in case of a double sale a race of diligence should take place and that the purchaser who arrived first at the registry should be protected so far as the registry could protect him. In certain cases, of course, the registry is no protection, but that is not the case before us.

The motion for reconsideration should be denied.

Mr. Chief Justice Del Toro dissented.